UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

ANTONIO J. ORNELAS, on behalf of
himself and those similarly situated,

        Plaintiff,        CASE NO.:

vs.

HOOPER HOLMES, INC., a New Jersey
Profit Corporation, HOOPER HOLMES,
INC., d/b/a PORTAMEDIC, a New Jersey
Profit Corporation and HOOPER
INFORMATION SERVICES, INC., a
New Jersey Profit Corporation,

        Defendants.
_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANTONIO J. ORNELAS ("Ornelas" or "Plaintiff"), on behalf of himself and other non-exempt Paramedical Examiners, Phlebotomists, Insurance Examiners and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, HOOPER HOLMES, INC. ("HOOPER"), a New Jersey Profit Corporation, HOOPER HOLMES, INC., d/b/a PORTAMEDIC ("PORTAMEDIC"), a New Jersey Profit Corporation and HOOPER INFORMATION SERVICES, INC. ("HOOPER INFORMATION"), (collectively "Defendants"), and states as follows:

## NATURE OF THE ACTION

1.    Plaintiff alleges on behalf of himself and other similarly situated current and former non-exempt employees of the Defendants, who elect to opt-in to this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by

law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; (iii) entitled to declaratory relief pursuant to 28 U.S.C. §2201 and (iv) entitled to an award of attorneys' fees and costs.

## JURISDICTION

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue is proper in this Court because Defendants' principal place of business is within this District.

6. Further, the acts and omissions that form the basis of the lawsuit (ie. Defendants' establishment and enforcement of its company-wide payroll policies) occurred within this District.

## PARTIES

7. At all times material hereto, Plaintiff was a resident of Suffolk, Massachusetts and later moved to Lee County, Florida.

8. Further at all times material hereto, Plaintiff was employed by Defendants as a non-exempt "Paramedical Examiner" and performed related activities for Defendants in Norfolk County, Massachusetts and Hillsborough Country, Florida, among others.

9. At all times material hereto Defendant HOOPER was, and continues to be, a New Jersey Corporation. Further, at all times material hereto, Defendant HOOPER was, and continues to be, engaged in business in New Jersey, with their principal place of business in Somerset County,

New Jersey.

10. At all times material hereto Defendant PORTAMEDIC was, and continues to be, a New Jersey Corporation. Further, at all times material hereto, Defendant PORTAMEDIC was, and continues to be, engaged in business in New Jersey, with their principal place of business in Somerset County, New Jersey.

11. At all times material hereto Defendant HOOPER IMFORMATION was, and continues to be, a New Jersey Corporation. Further, at all times material hereto, Defendant HOOPER INFORMATION was, and continues to be, engaged in business in New Jersey, with their principal place of business in Somerset County, New Jersey.

## COVERAGE

12. At all times material hereto Plaintiff was Defendants' "employee" within the meaning of the FLSA.

13. At all times material hereto, Defendants were the Plaintiff's "employer" within the meaning of the FLSA.

14. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

15. At all times material hereto, Defendants were, and continue to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17. At all times material hereto, the annual gross revenues of Defendants were in excess of $500,000.00 per annum.

18. At all times material hereto, Defendants had two (2) or more employees handling,

selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

19. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

20. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## STATEMENT OF FACTS

21. Defendants have operations throughout the United States, whereby they collect personal health data on behalf of their insurance company clients, in order to facilitate risk assessment services for their clients. In connection with this business, Defendants provide the following services: complete policy medical exam, data collection, laboratory testing, inspection reports and underwriting services in the industry.

22. Defendants provide paramedical exams in insurance applicants' homes or offices anywhere in the U.S. through a wholly owned, national branch network of 9,000 employee and contract examiners.

23. Plaintiff was employed by Defendants as a non-exempt "Paramedical Examiner."

24. According to their website, Defendants do paramedical exams "three times a minute, every minute, 24 hours a day, seven days a week."

25. Plaintiff worked in this capacity from approximately April 2009 through January 2011.

26. Although Defendants reported Plaintiff's income on an IRS Form 1099, Plaintiff was Defendants employee at all times relevant hereto.

27. As a non-exempt "Paramedical Examiner" Plaintiff was paid solely on a

per-appointment ("piece-rate") basis for all work he performed for Defendants.

28. From at least April 2009 and continuing through January 2011, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay, including, but not limited to, time spent driving during the workday, and post-shift work processing samples and doing paperwork.

29. Defendants misclassified Plaintiff as an independent contractor, despite the fact that Plaintiff:

   a. was not required to posses any advanced skill or knowledge to perform his work for Defendants;

   b. was required by Defendants to perform his job in a particular manner, on which Defendants trained him;

   c. was economically dependent on Defendants;

   d. assisted Defendants in carrying out their principal business;

   e. performed exactly the same job in exactly the same manner, and was paid exactly the same way as other individuals classified as "employees";

   f. was not required to make any substantial financial investment in his employment, because Defendants supplied all of the necessary materials for his work, such as centrifuges, hypodermic needles, paperwork, mailing forms and materials, medical waste containers, etc;

   g. received all assignments, and assigned times for appointments, from Defendants; and

   h. was unable to enhance/increase his wages other than by performing additional work.

30. Under the aforementioned piece-rate pay methodology, Plaintiff was paid solely by the number of appointments he completed.

31. Plaintiff, and those similarly situated to him, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

32. Despite the fact that Plaintiff, and those similarly situated to him, worked more than forty (40) hours per week, Defendants failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked over forty (40) in a workweek.

33. Defendants have employed and continue to employ hundreds of other individuals as non-exempt "Paramedical Examiners," paid solely per appointment completed, whose income is reported on IRS Form 1099 on a piece-rate basis, who performed and continue to perform the same or similar job duties under the same pay policies as Plaintiff.

34. Further, Defendants employ thousands of other individuals performing the same job duties, and compensated in the same manner as "Paramedical Examiners," under different job titles, including, but not limited to, "Insurance Examiner" and "Phlebotomist."

35. Defendants have violated Title 29 U.S.C. §207 from April 2009 and continuing through January 2011, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for his period of employment with Defendants;

    b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

36. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff and the class members were all non-exempt employees of Defendants and performed the same or similar job duties as one another in that they provided paramedical exams on behalf of Defendants, many were employed in the position of "Paramedical Examiner," however, Defendants maintain multiple titles for this job, including, but not limited to, "Insurance Examiner" and "Phlebotomist."

38. All of these individuals were and are paid in the same manner, solely on a piece-rate basis, per appointment completed.

39. All of these individuals were misclassified as independent contractor's despite the fact that they:

    a. were not required to posses any advanced skill or knowledge to perform their work for Defendants;

    b. were required by Defendants to perform their job in a particular manner, on which Defendants trained them;

    c. were economically dependent on Defendants;

    d. assisted Defendants in carrying out their principal business;

    e. performed exactly the same job in exactly the same manner, and were paid exactly the same way as other individuals classified as "employees";

    f. were not required to mailed any substantial financial investment in their employment, because Defendants supplied all of the necessary materials for their

   work, such as centrifuges, hypodermic needles, paperwork, mailing forms and materials, medical waste containers, etc;

   g. received all assignments, and assigned times for appointments, from Defendants; and

   h. were unable to enhance/increase their wages other than by performing additional work.

40. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were all paid per appointment but were not compensated at a rate one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

41. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

42. Defendants' failure to compensate its "Paramedical Examiners" and other employees employed in similar positions for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice applicable to all of Defendants' non-exempt "Paramedical Examiners" and employees employed in similar positions nationwide.

43. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All piece-rate paid "Paramedical Examiners," "Insurance Examiners," "Phlebotomists," and other individuals working for Defendants providing paramedical exams, nationwide, who worked for Defendants within the last three years, whose income was reported on IRS Form 1099, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

44. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

45. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

46. During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

47. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

48. Defendants have failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

49. Plaintiff realleges and reaver paragraphs 1 through 48 the Complaint as if fully set forth herein.

50. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

51. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

52. To date, Defendants continue to fail to pay their "Paramedical Examiners" and

similarly situated employees their FLSA mandated overtime pay, despite their recognition that their position is non-exempt and entitled to same.

53. Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by their continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

54. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

55. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

56. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c.  An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.  An award of unpaid wages and overtime compensation due under the FLSA;

e.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

f.  An award of prejudgment and post judgment interest;

g.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated this 24th day of May, 2012.

Respectfully submitted,

ANDREW RISCH
NJ Bar No.: 3845-2000
MORGAN & MORGAN
6824 Griffin Road
Davie, Fl 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-Mail: afrisch@forthepeople.com