UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIO J. ORNELAS, and BETTY OSWALD, : | Civil Action No. 12-3106 (JAP) |
| Plaintiffs, : | |
| v. : | MEMORANDUM & ORDER |
| HOOPER HOLMES INC., et al., : | |
| Defendants. : | |

This matter comes before the Court on Defendant Hooper Holmes Inc.'s ("Hooper Holmes" or "Defendants") Motion for Reconsideration of the Court's April 17, 2013 Letter Order [dkt. no. 37]. Plaintiffs Antonio J. Ornelas and Betty Oswald (collectively, "Plaintiffs") opposed the Motion.[1] The Court has carefully considered the Parties' submissions pursuant to FED. R. CIV. P. 78 and, for the reasons set forth below, Defendant's Motion for Reconsideration is **DENIED**.

**I.**

Plaintiffs filed a collective action suit against Defendants under the Fair Labor Standards Act ("FLSA") regarding overtime pay for themselves and others similarly situated. On February 5, 2013, Plaintiffs filed a Motion for Conditional Certification, offering declarations of six similarly situated declarants [dkt. no. 22]. Thus far, limited discovery has included written discovery requests and the depositions of the two named Plaintiffs. The Motion for Conditional Certification remains pending.

On March 22, 2013, Defendants filed a letter application for additional conditional certification discovery [dkt. no. 34]. Defendants sought additional documents from Plaintiffs

---

[1] Without leave of the Court, the Parties also submitted a series of Reply and Sur-Reply briefs.

and additional depositions. By Letter Order dated April 17, 2013 (the "Letter Order") [dkt. no. 36], the Court denied Defendants' application for additional discovery. The instant Motion for Reconsideration followed.

## II.

Local Civil Rule 7.1(g) governs motions for reconsideration. It requires the moving party to "set forth concisely the matters or controlling decision which counsel believes [the Court] overlooked." L. Civ. R. 7.1(g). A motion under Rule 7.1(g) may be granted if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Carmichael v. Everson, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). "Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citation omitted).

## III.

The Court previously held that additional discovery was unnecessary at this stage of the proceedings (i.e., the conditional certification stage).[2] Defendants have not satisfied the high standard required in order to succeed in their Motion for Reconsideration because: (1) they have

---

[2] The Third Circuit employs a two-tiered analysis in deciding whether a suit under the FLSA can move forward as a collective action. Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 192-93 (3d Cir. 2011). At the threshold phase, "Stage 1", the Third Circuit has adopted a "modest factual showing" standard where "plaintiff must produce some evidence, 'beyond pure speculation' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." Id. (citation omitted). Courts typically have only "minimal evidence" at this point and make a determination using a "fairly lenient standard." Zavala v. Wal-Mart Stores, Inc., 2010 WL 2652510, at *2 (D.N.J. June 25, 2010) aff'd sub nom. Zavala v. Wal Mart Stores Inc., 691 F.3d 527 (3d Cir. 2012).

not provided evidence that was not previously available; (2) there has been no intervening change in the controlling law; and (3) there was no clear error of law or manifest injustice.

First, Hooper Holmes fails to present newly discovered evidence or any error of fact. In their May 28, 2013 supplementary letter, Defendants admit that they are not "present[ing] new evidence, but rather expound[ing] on evidence and arguments previously presented which, respectfully, Defendants assert the Court overlooked." Defs.' May 28, 2013 Letter at 3. Defendants claim the Court overlooked the fact that Plaintiffs are only putting forth six declarants to support a motion, which, if granted, would result in notice to thousands. See Defs.' June 7, 2013 Letter at 2; Defs.' May 24, 2013 Letter at 3. The Court, however, did consider this point; in fact, the Letter Order specifically states: "Plaintiffs served initial disclosures that identified six additional witnesses . . . Plaintiffs later filed a motion for conditional certification based, in part, on the declarations of these six witnesses." Letter Order at 1. Contrary to Defendant's position, "the merits of plaintiffs' claims need not be evaluated nor discovery be completed in order for such a notice to be approved and disseminated." Aquilino v. Home Depot, Inc., 2006 WL 2583563, at *2 (D.N.J. Sept. 7, 2006) (citation omitted); see also Defs.' Br. at 5 (citing Aquilino); Defs.' May 24, 2013 Letter at 1-2.

Second, Defendants do not persuasively present any intervening change in the law or clear error of law. Defendants do not dispute the propriety of the Court's two-tiered analysis for certification, see Symczyk, 656 F.3d at 192, but rather contend that they should be given additional discovery before entering Stage 2. In support of this position, Defendants argue that the Court overlooked three cases. See Defs.' May 28, 2013 Letter at 1-2 (citing Aquilino., 2006 WL 2583563; Sjoblom v. Charter Commc'ns, LLC, 571 F. Supp. 2d 961; Fenn v. Hewlett-Packard Co., 2011 WL 6150642 (D. Idaho Dec. 12, 2011)). The Court, however, did consider

these cases. Limited discovery was permitted in each of the cited cases and limited discovery was permitted in this case. Furthermore, the Court notes that each case cited by Defendants also employed the two-tiered analysis used in this Court's Letter Order. See Aquilino, 2006 WL 2583563, at *2 ("In [Stage 1], courts employ a relatively lenient evidentiary standard in determining whether a collective action is appropriate.") (citation omitted); Sjoblom, 571 F. Supp. 2d at 967-68 ("In determining whether plaintiffs have met their initial burden, courts rely on the complaint and any affidavits that have been submitted.") (citations omitted); Fenn v. Hewlett-Packard Co., 2011 WL 6150642, at *3 ("Given the lack of discovery and limited evidence available to the court at [Stage 1], 'this determination is usually made under a fairly lenient standard and typically results in conditional class certification.'") (citation omitted).

Finally, Defendants provide no persuasive explanation of how any manifest injustice would occur if reconsideration is denied. All of the contentions Defendants attempt to introduce at this point in the litigation will be properly dealt with in Stage 2 of the certification process, "after discovery is largely complete and the case is ready for trial." Zavala, 2010 WL 2652510, at *2 (citation omitted). As stated by U.S. District Judge Peter G. Sheridan in one of the cases Defendant urges the Court to consider:

> [S]ignificantly, the preliminary determination made by a magistrate at this stage 'does not prejudice the defendants precisely because it is preliminary. It may be revisited (by motion for decertification) if it later appears, after appropriate discovery, that the additional plaintiffs who opt in the lawsuit are not similarly situated.'

Aquilino, 2006 WL 2583563, at *2 (citation omitted). This reinforces the Court's original judgment that additional discovery is unnecessary at this stage. See Letter Order at 3.

## IV.

The Court, having considered the papers submitted pursuant to FED. R. CIV. P. 78 and, for the reasons set forth above;

**IT IS** this 19th day of June, 2013,

**ORDERED** that Hooper Holmes's Motion for Reconsideration is **DENIED**.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**
