UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTONIO J. ORNELAS and BETTY OSWALD, on behalf of themselves and those similarly situated, | : : : : | Civil Action No.: 12-3106 (JAP)(DEA) |
| **Plaintiffs,** | : : | |
| v. | : : | **REPORT AND RECOMMENDATION** |
| HOOPER HOLMES, INC., a New Jersey Profit Corporation, HOOPER HOLMES, INC., d/b/a PORTAMEDIC, A New Jersey Profit Corporation and HOOPER INFORMATION SERVICES, INC., a New Jersey Profit Corporation, | : : : : : : : : | |
| **Defendants.** | : : | |

**ARPERT, U.S.M.J.:**

This matter comes before the Court on separate Motions by Plaintiffs Antonio J. Ornelas and Betty Oswald (collectively, "Plaintiffs") to (1) Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members [dkt. no. 22] and (2) Equitably Toll the Statute of Limitations [dkt. no. 49]. Defendants Hooper Holmes, Inc., et. als. ("Defendants") have opposed both Motions [dkt. nos. 43, 51]. Plaintiffs filed a reply brief with respect to the Motion to Conditionally Certify [dkt. no. 45]. This matter was referred by U.S. District Judge Joel A. Pisano for a Report and Recommendation pursuant to FED. R. CIV. P. 72 and L. CIV. R. 72.1. The Court has carefully considered the Parties' submissions and for the reasons set forth below, the Court recommends that Plaintiffs' Motions be **GRANTED**.

I.  **CONDITIONAL CERTIFICATION**

A.  **Factual Background**

The facts of this case are well known to the Parties and the Court and need not be recited at length.  Briefly, Defendants provide paramedical services nationwide for insurance industry clients through a network of paramedical examiners.  See Defendants' Opposition Brief at p. 3, dkt. no. 43.  Plaintiffs were classified as independent contractors who performed services on behalf of Defendants' clients in connection with insurance applications.  See Plaintiffs' Brief at p. 6, dkt. no. 22.

Defendants' network consists of employee paramedical examiners, affiliate entities and independent contractors.  See Defs.' Opp. at p. 4.  Employee paramedical examiners receive assignments directly from Defendants and are required to record hours worked on timesheets.  Id.  Affiliate entities are separate companies that employ or contract with their own examiners and then invoice Defendants for their services.  Id.  Independent contractors are free to set their own hours, are not considered employees, are not controlled by Defendants concerning appointments required per week and are free to hold employment with other entities.  Id at p. 5.  Independent contractors receive a set rate for the services they perform and do not maintain records of the time spent on individual examinations.  Id at p. 6.  Plaintiffs allege that they were misclassified as independent contractors so that Defendants would not have to pay overtime premiums.  See Pls.' Br. at p. 7.  In their Motion, Plaintiffs request that the Court conditionally certify the following putative class:

> All piece-rate, paid "Paramedical Examiners", "Insurance Examiners", "Phlebotomists", and other individuals working for Defendants providing paramedical exams, nationwide, who worked performing paramedical services for Defendants' benefit within the last three years, whose income was reported on IRS Form 1099, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours

worked in excess of 40 hours in one or more workweeks.

See Pls.' Br. at p. 9.  These individuals are referred to herein as "Examiners".

Plaintiffs' filed a collective action suit against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), seeking overtime pay for themselves and others similarly situated.  See Plaintiffs' Amended Complaint, dkt. no. 25. On February 5, 2013, Plaintiffs filed this Motion for Conditional Certification, offering Declarations of six similarly situated declarants. See dkt. no. 22. Plaintiffs now move the Court for: (1) a conditional certification of a nationwide collection action compromised of "Examiners"; (2) the issuance of Court-authorized notice to members of the class; and (3) the production of the names and addresses of the class members for the effective dissemination of notice.  See Pls.' Br. at p. 32.  Plaintiffs also filed a Motion to Equitably Toll the Statute of Limitations in this case as of August 16, 2013, until the date the Court sets for the expiration of the opt-in period in this matter.  See Plaintiffs' Brief for Equitable Tolling at p. 4, dkt. no. 49.

**B.     Legal Standard**

The FLSA allows "one or more employees to pursue an action in a representative capacity for 'other employees similarly situated.'" Morisky v. Public Serv. Elec. & Gas Co., 111 F.Supp.2d 493, 496 (D.N.J. 2000).  Furthermore, collective actions under the FLSA require that each employee "gives his consent in writing to become" a participant in a collective action.  29 U.S.C. § 216(b).  The burden is on the plaintiff to show that the proposed class satisfies two basic requirements: (1) class members must be "similarly situated" and (2) members must affirmatively consent to join the action or "opt-in".  Armstrong v. Weichert Realtors, CIV.A. 05-3120 (JAG), 2006 WL 1455781 (D.N.J. May 19, 2006).

Courts in the Third Circuit employ a two-tiered analysis in deciding whether a suit brought

under the FLSA, 29 U.S.C. § 216(b), can move forward as a collective action. "During the initial phase, the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 192 (3d Cir. 2011) cert. granted, 133 S. Ct. 26 (U.S. 2012). "If the plaintiff carries her burden at this threshold stage, the court will 'conditionally certify' the collective action for the purposes of notice and pretrial discovery." Id.

As to this threshold stage ("Stage One"), the Third Circuit has adopted a "modest factual showing" standard. Id. at 193. "Under the 'modest factual showing' standard, a plaintiff must produce some evidence, 'beyond pure speculation', of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." Id. (citing Smith v. Sovereign Bancorp, Inc., No. 03–2420, 2003 WL 22701017, at *3 (E.D. Pa. Nov. 13, 2003). At Stage One, the court "usually has only minimal evidence before it." Zavala v. Wal-Mart Stores, Inc., 2010 WL 2652510, at *2 (D.N.J. June 25, 2010) aff'd sub nom. Zavala v. Wal Mart Stores Inc., 691 F.3d 527 (3d Cir. 2012). The determination, therefore, "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." Id.

Then, after discovery, "and with the benefit of 'a much thicker record than it had at the notice stage', a court following this approach makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." Symczyk, 656 F.3d at 193 (citation omitted). The second stage is "less lenient", and the plaintiff there "bears a heavier burden." Id.

C.      Discussion

   1. Conditional Certification

Following the Third Circuit's directive, this Court will consider the request for conditional certification and court-supervised notification under the Stage One of the two-tiered procedure outlined in Symczyk. Thus, the Court will look to the pleadings and declarations on record to determine whether there are substantial allegations showing that the named Plaintiffs are similarly situated to the putative class members.

Plaintiffs' evidence is sufficient to satisfy the threshold standard adopted by the Third Circuit in Symczyk and warrants a conditional certification of a representative class. The Declarations of Plaintiffs and the six paramedical examiners assert that: (a) they had similar job titles; (b) they were all paid piece rate or by the appointment completed; (c) they performed nearly identical job duties on a day-to-day basis for Defendants; and (d) they were misclassified as independent contractors whose income was reported on IRS forms 1099, despite the fact that they were "employees" under the FLSA. See Pls.' Br. at p. 14. In addition, they all allege that they worked in excess of 40 hours per week, but Defendant did not compensate them for hours worked in excess of 40 hours per week. Id.

At this state of the proceedings, the question is not whether Defendants violated the FLSA; rather, it is whether the members of the putative class are "similarly situated". Symczyk, 656 F.3d at 192. Plaintiffs argue that Defendants' unlawful compensation policy of misclassifying employees as independent contractors led to the denial of overtime premiums for hours worked over forty hours. See Pls.' Br. at p. 13. Conditional certification requires Plaintiffs to "produce some evidence, 'beyond mere speculation', of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees."

Symczk, 656 F.3d at 193. Although Defendants argue that Plaintiffs failed to produce any evidence indicating that the individuals are "similarly situated", the Plaintiffs have provided Declarations of six paramedical examiners interested in opting-in. See Defs.' Opp. at p. 16. Plaintiffs and declarants detail specific facts supporting their belief that other employees are similarly situated and would also be interested in opting in. See Pls.' Br. at p. 25. The Court finds that the six Declarations from the other paramedical examiners are sufficient to meet Plaintiffs' burden on this issue.

Defendants argue that even if Plaintiffs make the necessary modest factual showing as to similarity, Plaintiffs are, in fact, dissimilar on the basis of case management issues, including individualized defenses. Symczyk, 656 F.3d at 193 (citations omitted). See Defs.' Opp. at p. 14. However, the case management issue is a relevant factor at the post-discovery stage and, therefore, is properly dealt with in Stage Two of the certification process, "after discovery is largely complete and the case is ready for trial". Zavala, 2010 WL 2652510, at *2, (citation omitted).

Defendants also maintain that Plaintiffs are not similarly situated to the putative class members with respect to their alleged employee status inasmuch as this inquiry is highly individual and fact sensitive. See Defs.' Opp. at p. 19. In this regard, Defendants argue, the six-factor "economic reality" test should be applied to determine whether each member of the putative class is an employee or an independent contractor. Bamgbose v. Delta-T Group, Inc., 684 F.Supp.2d 660 (E.D. Pa. 2010). However, the Court finds it premature to make a determination as to whether individuals were employees or independent contractors at Stage One and declines to apply the "economic reality" test at this point in the conditional certification process. See Troncone v. Velahos, 2011 WL 3236219, at *4 (D.N.J. July 28, 2011) (declining to address the six-factor economic reality test and conditionally certifying class of independent contractors, *sua sponte*,

6

based on allegations in Complaint that "Defendants failed to pay Plaintiff minimum wage and 'wrongfully designated [her]... as [an] independent contractor.'"); see also Harris v. Vector Marketing Corp., 716 F.Supp.2d 836 (N.D. Cal. 2010) (conditionally certifying collective action arising from allegation of independent contractor misclassification, where plaintiffs were similarly situated as to job title, noting it would be premature to make a determination as to whether plaintiffs were independent contractors or employees at Stage One). The Court finds that Plaintiffs and a putative class members are employed in similar positions and the allegations that Defendants engaged in the practice of not paying overtime is sufficient to support the allegation that Plaintiffs were collectively the victims of a single decision, policy or plan.

Defendants challenge the sufficiency of the Declarations submitted by Plaintiffs inasmuch as Plaintiffs and the putative class must establish that they all performed services in excess of forty hours in a given week during the statutory period in order to prove that the overtime provision applies to each member. See Defs.' Opp. at p. 22. In addition, Defendants argue that Plaintiffs are not adequate class representatives. Id. at p. 24. The Court does not find any of these arguments persuasive. Engaging in the individualized inquiry proposed by Defendants would require the Court to engage in a detailed fact finding determination on the merits, which is improper at this stage of the litigation. See Herring v. Hewitt & Assoc., Inc., 2007 WL 2121693, at *2-3 (D.N.J. July 24, 2007) (declining the defendants' invitation to evaluate factual issues and merit-based arguments in light of discovery conducted, and granting conditional certification under Stage I analysis, because it is premature for this Court to make factual findings regarding certification.) See Pls.' Reply at p. 10. Thus, the Court recommends that conditional certification be **GRANTED**.

**2. Court Facilitated Notice**

Plaintiffs argue that in order to provide employees with accurate and timely notice concerning the pendency of the collective action, the Court should authorize notice to be sent by mail and email. Plaintiffs also request that notice be posted at each of Defendants' branch locations at which Examiners are employed to further the broad remedial purpose of the FLSA. See Pls.' Br. at p. 28. In addition, Plaintiffs argue that notice should be given within a three-year statute of limitations period inasmuch as the FLSA allows Plaintiffs to collect damages within this period if they can show that Defendants violation was "willful." See Pls.' Br. at p. 29. An employer's actions are willful if they "knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." McLaughlin v. Richland Shoe Co., 486, U.S. 128, 133 (1988).

Defendants maintain that Plaintiffs' requests are overbroad by inasmuch as Plaintiffs are asking the Court to authorize notice to each contract examiner who worked for Defendants in the last three years. See Defs.' Opp. at p. 26. Defendants also argue that notice should be limited to only those examiners with at least 30 orders in a given week. See Defs.' Opp. at p. 27. In addition, Defendants maintain that notice should be limited to the branches from which potential class representatives performed services. Defendants specify that notice should be limited to the locations associated with the Plaintiffs and two of the declarants. See Defs.' Opp. at p. 28.

The Court does not find Defendants arguments to limit notice persuasive. In order for the Court to authorize, Plaintiff must propose an ascertainable class. See Agostino v. Quest Diagnostics, Inc., 256 F.R.D. 437, 478 (D.N.J. 2009). Here, Plaintiffs establish an ascertainable class of current and former employees of Defendants employed during the three-year period preceding the Court's ruling. See Pls.' Br. at p. 29. The Court rejects Defendants' proposed limitation of Examiners with at least 30 orders in a given week. As cited by Defendants, the

Supreme Court has rejected the notion of "Trial by Formula." See <u>Amir v. Sunny's Executive Sedan Svc.</u>, 1:13-cv-161, at p. 3 (E.D. Va. July 30, 2013). In addition, the issue of limiting notice to either examiners with at least 30 orders in a week or to branches associated with Plaintiffs is an issue that is more appropriately addressed in the second stage of certification, after discovery is complete. See <u>Symczyk</u>, 656 F.3d at 193. Thus, the Court recommends that notice to be sent via mail and email to examiners who worked for Defendants in the last three years. In addition, the Court recommends that notice be posted at each of Defendants' branch locations at which Examiners are employed.

## II. EQUITABLE TOLLING

Separately, Plaintiffs move this Court for an Order equitably tolling the statute of limitations in this case, as of August 16, 2013, until the date the Court sets for the expiration of the opt-in period. See Plaintiffs' Brief for Equitable Tolling at p. 4, dkt. no. 49. Under the FLSA, the statute of limitations period for each putative member of a conditionally approved collective case would be three years preceding the date he or she opted into the action See <u>29 U.S.C. §§255(a), 256</u>. In other words, the statute contains a look-back provision, which limits to three years from opt-in how far back a plaintiff can look to find violations by their employer.

"Equitable tolling" applies when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances. See <u>Hedges v. U.S.</u>, 404 F.3d 744 (3d Cir. 2005). Whether to equitably toll a limitations period is determined on a case-by-case basis, depending on the equities of the situation. See <u>Davis v. Johnson</u>, 158 F.3d 806, 810 (5th Cir. 1998). The Third Circuit has identified three principle situations in which equitable tolling is appropriate: (1) "where the defendant has actively misled the plaintiff respecting the plaintiffs

cause of action, and that deception causes non-compliance with an applicable limitation provision", (2) "where the plaintiff in some extraordinary way has been prevented from asserting his rights", or (3) "where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 591 (3d Cir.2005).

Plaintiffs argue that equitable tolling would be in the interests of justice inasmuch as Plaintiffs filed their Motion for court-approved notice to the potential class over a year ago. See Pls.' Br. for Equitable Tolling at p. 8. Plaintiffs cite Browning v. AT&T Paradyne, 120 F.3d 222 (11th Cir. 1997), for the assertion that equitable tolling is appropriate where the plaintiff received inadequate notice of his right to sue and the time limits for doing so. See Pls.' Br. for Equitable Tolling at p. 9. Plaintiffs assert that courts have routinely tolled the statute of limitations in FLSA cases whereas here, Plaintiffs or opt-in Plaintiffs did not cause the delay. Partlow v. Jewish Orphans' Home of Southern Cal., Inc., 645 F.2d 757, 760-61 (9th Cir. 1981). See Pls.' Br. for Equitable Tolling at p. 9. Plaintiffs maintain that they have diligently pursued their claim. However, due to forces beyond their control, opt-in Plaintiffs have not been advised of their rights under the FLSA to join the instant action. See Pls.' Br. for Equitable Tolling at p. 12. In addition, Plaintiffs argue that tolling is appropriate because Defendants actively misled potential opt-in Plaintiffs regarding their status as independent contractors. Id.

Defendants maintain that equitable tolling would be inappropriate in this matter since Plaintiffs are unable to satisfy the three principles established by the Third Circuit in Podobnik. See Defendants' Brief in Opposition to Equitable Tolling at p. 4, dkt. no. 51. In addition, Defendants argue that Plaintiffs cannot demonstrate that equitable tolling is appropriate merely because the Court has not issued an Order with respect to their motion for conditional certification. Id. at p. 7. Defendants assert that the Plaintiffs attempt to put the "proverbial cart before the horse"

10

as the Court had yet to rule on Plaintiffs' motion for conditional certification. See Defendants' Opp. to Equitable Tolling at p. 11. However, since the Court has recommended granting conditional certification, it concludes that it would also be appropriate to grant equitable tolling inasmuch as Plaintiffs have actively pursued their claims and had no part in any delay resolving their Motion for conditional certification. See Bergman v. Kindred Healthcare, Inc., 949 F. Supp. 2d 852, 860 (N.D. Ill. 2013) (tolling the statute of limitations based solely on the court's delay in ruling on the motion for conditional certification, because "[t]he long delay in issuing a ruling is an extraordinary circumstance that should not cause the opt-ins to lose out on the potential benefits of this lawsuit."). Since the Court recommends that equitable tolling is appropriate due to the delay in resolving the motion for conditional certification, it declines to rule on Plaintiffs' argument that Defendants actively misled potential opt-in plaintiffs by regarding them as independent contractors.

### III.  CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiffs' Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members [dkt. no. 22] be **GRANTED**; and it is further

Respectfully recommended that Plaintiffs' Motion to Equitably Toll the Statute of Limitations [dkt. no. 49] be **GRANTED**.

L. CIV. R. 72.1 and FED. R. CIV. P. 72 permit objections to this Report and Recommendation to be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and

Recommendation.

                                                s/ *Douglas E. Arpert*

                                                **DOUGLAS E. ARPERT**
                                                **UNITED STATES MAGISTRATE JUDGE**

**Dated: August 1, 2014**