NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTONIO J. ORNELAS and BETTY OSWALD, on behalf of themselves and those similarly situated, | : : : : : | |
| Plaintiffs, | : : | Civil Action No. 12-cv-3106 (JAP) |
| v. | : : | OPINION |
| HOOPER HOLMES, INC., a New Jersey Profit Corporation, HOOPER HOLMES, INC., d/b/a PORTAMEDIC, A New Jersey Profit Corporation and HOOPER INFORMATION SERVICES, INC., a New Jersey Profit Corporation, | : : : : : : | |
| Defendants. | : : : | |

PISANO, District Judge

Presently before the Court is a motion by Plaintiffs, Antonio J. Ornelas and Betty Oswald (collectively "Plaintiffs") to: (1) conditionally certify a collective action and facilitate notice to potential class members; and (2) equitably toll the statute of limitations [docket #49]. In response to Plaintiffs' motion, Magistrate Judge Arpert issued a report and recommendation [docket #54] which, for the reasons elaborated below, the Court will adopt in full.

**I.     BACKGROUND**

Defendants provide paramedical services nationwide for insurance industry clients through a network of paramedical examiners. Plaintiffs were classified as independent contractors who performed services on behalf of Defendants' clients in connection with insurance applications. Defendants' network consists of employee paramedical examiners, affiliate entities and independent contractors. Employee paramedical examiners receive assignments directly from

1

Defendants and are required to record hours worked on timesheets.  Affiliate entities are separate companies that employ or contract with their own examiners and then invoice Defendants for their services.  Independent contractors are free to set their own hours, are not considered employees, are not controlled by Defendants concerning appointments required per week and are free to hold employment with other entities.  Independent contractors receive a set rate for the services they perform and do not maintain records of the time spent on individual examinations.

Plaintiffs allege that they were misclassified as independent contractors so that Defendants would not have to pay overtime premiums.  In their motion, Plaintiffs request that the Court conditionally certify the following putative class:

> All piece-rate paid "Paramedical Examiners," "Insurance Examiners," "Phlebotomists," and other individuals working for Defendants providing paramedical exams, nationwide, who worked performing paramedical services for Defendants' benefit within the last three years, whose income was reported on IRS Form 1099, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.

Plaintiffs' filed a collective action suit against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), seeking overtime pay for themselves and others similarly situated.  On February 5, 2013, Plaintiffs filed a motion for conditional certification, offering declarations of six (6) similarly situated declarants.  Plaintiffs moved before this Court for: (1) a conditional certification of a nationwide collection action comprised of "Examiners"; (2) the issuance of Court-authorized notice to members of the class; (3) the production of the names and addresses of the class members for the effective dissemination of notice; and (4) a motion to equitably toll the statute of limitations in this case as of August 16, 2013, until the date the Court sets for the expiration of the opt-in period in this matter.  In a report and recommendation, the Magistrate

Judge thoroughly examined the legal issues presented by Plaintiffs motion and granted the motion in its entirety. On August 29, 2014, Defendants' filed their objections to Magistrate Judge Arpert's report and recommendation [docket #57 and 58]. On September 12, 2014, Plaintiffs responded to Defendants' objections [docket #59] and on September 23, 2014, Defendants' replied [docket #60].

## II. DISCUSSION

### a. Legal Standard

"Any party may object to the Magistrate Judge's proposed findings, recommendations or report [and] [a] Judge shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c); see also 28 U.S.C. § 636(b)(1)(B)-(C) ("any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations as to which objection is made.").

### b. Conditional Certification

The FLSA allows "one or more employees to pursue an action in a representative capacity for 'other employees similarly situated.'" *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 496 (D.N.J. 2000). Collective actions under the FLSA require that each employee gives his consent in writing to become a participant and the burden is on the plaintiff to show that the proposed class satisfies two (2) basic requirements: (1) class members must be "similarly situated"; and (2) members must affirmatively consent to join the action, or "opt-in." See 29 U.S.C. § 216(b); *Armstrong v. Weichart Realtors*, CIV.A. 05-3120 (JAG), 2006 WL 1455781 (D.N.J. May 19, 2006).

3

Courts in the Third Circuit employ a two (2) tiered analysis in deciding whether a suit brought under the FLSA can move forward as a collective action. Initially, "the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192 (3d Cir. 2001) *cert. granted*, 133 S. Ct. 26 (U.S. 2012). "The court does not consider the merits of the dispute at this time, and the plaintiff must only demonstrate that the potential class members' positions are similar, not identical, to his own." *Steinberg v. TD Bank, N.A.*, No. 10-CV-5600 RMB-JS, 2012 WL 2500331, at *5 (D.N.J. June 27, 2012) (citations omitted). If the plaintiff carries his or her "burden at this threshold stage, the court will 'conditionally certify' the collective action for the purposes of notice and pretrial discovery." *Symczyk*, 656 F.3d at 192. To determine whether the proposed recipients of opt-in notices are similarly situated, the Third Circuit had adopted a "modest factual showing" standard. *Id*. at 193. The modest factual showing analysis is performed using a lenient standard; however, "a plaintiff must [still] produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id*. (citing *Smith v. Sovereign Bancorp, Inc*., No. 03-2420, 2003 WL 22701017, at *3 (E.D. Pa. Nov. 13, 2003)). "If, at this first stage, the plaintiff carries his [or her] burden, 'the court will 'conditionally certify' the collective action for the purposes of notice and pretrial discovery.'" *Steinberg*, 2012 WL 2500331, at *6 (quoting *Symczyk*, 656 F.3d at 192-93).

"In the second stage, after discovery and with a more substantial record, a court then determines 'whether each plaintiff who has opted-in to the collective action is in fact similarly situated to the named plaintiff.'" *Id*. (quoting *Symczyk,* 656 F.3d at 193). "At this second stage, the defendant can move to decertify the class, and the burden of proof on the plaintiff is higher than

4

in the first stage." *Id*. (citation omitted). "At this latter stage, the court considers whether individualized differences among the plaintiffs make the claims more suitable for individualized, as opposed to class, treatment." *Id*. (citing *Bishop v. AT & T Corp.,* 256 F.R.D. 503, 509 n. 7 (W.D.Pa.2009) (finding that whether claims are too individualized to be handled as a class is "relevant to determination of a stage two decertification issue after discovery has closed"); *Anyere v. Wells Fargo, Co.*, No. 09 C 2769, 2010 WL 1542180, at *3 (N.D. Ill. Apr. 12, 2010) ("[Defendant] will have the opportunity to argue that individualized determinations predominate at the second step of the certification process, after more extensive discovery has occurred."); *Jirak v. Abbott Labs., Inc.,* 566 F.Supp.2d 845, 850 (N.D.Ill.2008) ("Defendant's argument about dissimilarities in the class is more appropriately decided at step two, after it is known who the class will consist of, and after some of the factual issues can be fleshed out in discovery.")).

Here, the Magistrate Judge issued a thorough, lucid, and well-reasoned report, examining the conditional certification issue in detail. Defendants' object to the report and recommendation, contending that the Magistrate Judge applied the "substantial allegations" standard rather than the "modest factual showing" requirement adopted by the Third Circuit, and that the Magistrate Judge failed to properly analyze the evidence in determining whether to conditionally certify the class. The Court has reviewed the report and recommendation *de novo*, as well as the arguments advanced by Defendants and Plaintiffs' opposition to the same. This Court is satisfied that the Magistrate Judge applied the applicable standard and properly considered the evidence before it in deciding to grant conditional certification. In reaching this determination, the Magistrate Judge explicitly and properly found that the six (6) detailed declarations (*i.e.*, the evidence beyond the allegations) Plaintiffs submitted were sufficient to meet their burden on conditional certification and consistently applied the "modest factual showing" standard in doing so.

Further, it should be noted that neither the Magistrate Judge, nor the Court in adopting the report and recommendation, are speaking to the merits of the Plaintiffs' claims; rather, the Court is merely letting this matter mover forward as a collective action.

### c. Court Facilitated Notice

Plaintiffs' motion sought permission from the Court for notice concerning the pendency of the collective action to be sent by mail and email, and also that notice be posted at each of Defendants' branch locations at which Examiners are employed to further the broad remedial purpose of the FLSA. Further, the Plaintiffs' argued that notice should be given within a three (3) year statute of limitations period inasmuch as the FLSA allows Plaintiffs to collect damages within this period if they can show that Defendants violation was "willful." In the report and recommendation, the Magistrate Judge found that Plaintiffs established an ascertainable class of current and former employees of Defendants employed during the three (3) year period preceding the Court's ruling, see *Agostino v. Quest Diagnostics, Inc*., 256 F.R.D. 437, 478 (D.N.J. 2009), and therefore, the Magistrate Judge recommended that notice be sent via mail and email to Examiners who worked for Defendants in the last three (3) years.

Defendants object to this recommendation on the basis that the Magistrate Judge refused to accept their proposal for limits on who should receive notice, and that the recommendation was contrary to Supreme Court case law. Specifically, Defendants assert that Plaintiffs' did not meet their burden in defining potential plaintiffs or identifying recipients of the notice and therefore, they failed to make a "modest factual showing" and the Magistrate Judge was incorrect in permitting the notice as it is too broad. The Court has reviewed the Magistrate Judge's report and recommendation *de novo* as to notice, and disagrees with Defendants.

The cases cited to by Defendants stand for the proposition that Plaintiffs must propose an ascertainable class; however, Defendants' have failed to demonstrate that limiting notice (where a class of individuals subject to a common policy is alleged) is appropriate. Indeed, Plaintiffs have met their burden to identify a group of individuals subject to an alleged unlawful scheme of misclassification. For these reasons, and in addition to the reasons set forth by the Magistrate Judge, the Court will reject Defendants' objections and adopt the recommendation by requiring notice to issue to all individuals who were subject to the common scheme identified.

### d. Equitable Tolling

Last, the Plaintiffs moved the Court for an Order equitably tolling the statute of limitations in this case, as of August 16, 2013, until the date the Court sets for the expiration of the opt-in period.[1] The Magistrate Judge recommended that the Court grant Plaintiffs request and Defendants' now object by arguing that this was without any valid basis and premised on extra-jurisdictional case law. However, in reviewing the report and recommendation *de novo*, the Magistrate Judge expressly defined circumstances where equitable tolling is appropriate pursuant to Third Circuit law. Specifically, the report and recommendation defines these situations as "(1) 'where the defendant has actively misled the plaintiff respecting the plaintiffs cause of action, and that deception causes non-compliance with an applicable limitation provision[;] (2) where the plaintiff in some extraordinary way has been prevented from asserting his rights[;] or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" See *Podobnik v. U.S. Postal Serv*., 409 F.3d 584, 591 (3d Cir. 2005). Defendants' contend that the Magistrate Judge relied on extra-jurisdictional case law to grant equitable tolling based on the fact that

---

[1] Under the FLSA, the statute of limitations period for each putative member of a conditionally approved collective case would be three (3) years preceding the date he or she opted into the action. 29 U.S.C. §§ 255(a), 256. In other words, the statute contains a look-back provision, which limits to three (3) years from opt-in how far back a plaintiff can look to find violations by their employer.

"extraordinary circumstances" existed sufficient to warrant the imposition of tolling, but because Plaintiffs' failed to establish any one (1) of the three (3) prongs required by Third Circuit law, the Magistrate Judge's recommendation should be rejected.

The Court disagrees with Defendants' objection. As an initial matter, Defendants' cite to extra-jurisdictional case law to suggest that tolling would not be appropriate under these circumstances. Thus, Defendants' argument that the Magistrate Judge erred because the report relied upon extra-jurisdictional cases is flawed because they are urging this Court to do the very same. In any event, Defendants' fail to recognize that Third Circuit case law also provides for equitable tolling of the statute of limitations when it "is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). Here, the Magistrate Judge recommended that equitable tolling was appropriate due to the delay in resolving Plaintiffs' motion for conditional certification. Whether this is an "extraordinary circumstance" as provided for by extra-jurisdictional case law, or is in the "interests of justice" as permitted by the Third Circuit, Plaintiffs' have demonstrated that equitable tolling is appropriate under the circumstances and as such, this Court will adopt the report and recommendation.

### III.    CONCLUSION

For the foregoing reasons, the report and recommendation is adopted [docket #54] and the Plaintiffs' motion [docket #49] is GRANTED. An appropriate Order accompanies this Opinion.

Date:  December 12, 2014                                   /s/ Joel A. Pisano
                                                                                   JOEL A. PISANO
                                                                                   United States District Judge